STOCKTON, trustee, *vs.* THE DUNDEE MANUFACTURING COMPANY.

1. The law as to the effect and constitutionality of acts of Congress must be received by the state courts, as it may be from time to time determined and declared by the Supreme Court of the United States. Hence, under the recent decision of that court, declaring the act of 1862, making the notes of the Government a legal tender for all debts, constitutional, a mortgage made before the passage of that act is payable in such notes.

2. A change in the law, by decision, is retrospective, and makes the law at the time of the first decision as it is declared in the last decision, as to all transactions that can be reached by it. Hence, a tender having been made in United States notes before the commencement of this suit, the mortgage debt must be considered as legally tendered.

3. But a tender of the mortgage debt does not, in this state, discharge the lien of the mortgage.

4. The money not having been paid into court, or kept on hand uninvested since the tender, the mortgagors are not discharged from the interest.

5. Defendants allowed sixty days to pay the mortgage debt, with interest; if paid within that time, no costs will be allowed; if not paid, there must be a decree for the sale of the mortgaged premises, for the debt, with interest and costs.

This case was argued on final hearing, upon bill, answer, and proofs.

*Mr. C. S. Green,* for complainant.

*Mr. B. F. Chetwood,* for defendants.

THE CHANCELLOR.

This suit is for the foreclosure of a mortgage given in 1858. By the law, as it stood at the commencement of the suit, and at the argument, this mortgage could only be paid by gold or silver coin, unless its effect had been changed by agreement between the parties. The contention on the part of the defendants was, that it is so changed. But the decision of the Supreme Court of the United States, in Hepburn v. Griswold, which held that debts con-

tracted previous to the passage of the legal tender act in February, 1862, must be paid in coin, has been changed by a recent decision in that court. The new decision of that court declares the act of 1862, making the notes of the Government a legal tender for all debts, is constitutional and binding upon the citizens of the states. The law as to the effect and constitutionality of acts of Congress, must be received by the state courts, as it may be from time to time determined and declared by that court. And, although the judges, or the opinions of the judges, of the state courts may not have changed, yet they are bound to give effect to that law, as last declared by the Supreme Court of the United States, however changed by the change of the judges of that court, or the changes in their opinions. What was declared by this court to be the law in *Martin's Executors* v. *Martin*, 5 *C. E. Green* 421, was then the law. Now it is changed; as much changed as the law of this state would be by statute, but not in the same manner. A change by statute is only for the future. A change by decision is retrospective, and makes the law at the time of the first decision as it is declared in the last decision, as to all transactions that can be reached by it.

As the law now is, the defendant is entitled to pay this mortgage in what are known as legal tender notes, and as the decision relates back to the time when the tender was made in such notes, it must be considered for the purposes of this suit, that the mortgage debt was legally tendered before its commencement.

But a tender of the mortgage debt does not, in this state, discharge the lien of the mortgage, and was so determined by the Court of Appeals, in *Shields* v. *Lozear*, 5 *Vroom* 496. And as the defendants have not paid the money into court, and it does not appear that they have kept it on hand uninvested since the tender, they are not discharged from the interest. The defendants must be allowed to pay the mortgage debt, and the interest in arrear, in legal tender notes, at any time within sixty days; if not paid within that time, there must be a decree for the sale of the mortgaged prem-

ises for the debt, with interest and costs. If the debt is paid within that time, I think it is a proper case for the exercise of the discretion given to me on that subject, by declaring that neither party shall recover costs.